UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SPIRTAS COMPANY, d/b/a Spirtas Wrecking Company,<br><br>    Plaintiff,<br><br>v<br><br>UNITED SPECIALTY INSURANCE COMPANY,<br><br>    Defendant. | Case No.   2:19-cv-264<br><br>Plaintiff Demands Trial by Jury |

## COMPLAINT

Plaintiff, SPIRTAS COMPANY, d/b/a Spirtas Wrecking Company ("Spirtas"), by its counsel, David B. Goodman, Goodman Law Group Chicago, *of counsel*, complains against Defendant UNITED SPECIALTY INSURANCE COMPANY ("USIC"), as follows:

1. Spirtas brings this action to enforce its rights under an insurance policy it underwritten by USIC, Insurance Policy Number ATN-SF1740790. (the "Policy"). The Policy covers the policy period from June 30, 2017 through June 30, 2018.

2. Spirtas is a named insured under the Policy. The Policy provides coverage with a limit of $1,000,000.00 per Occurrence with an aggregate limit of $2,000,000.00.

3. Through its complaint, Spirtas seeks to recover damages arising from USIC's failure to meet its contractual obligations owed to Spirtas under the Policy. In particular, USIC failed to meet its obligations under the Policy to defend and indemnify Spirtas in connection with a property damage claim arising from demolition services undertaken by Spirtas on behalf of Duke Energy at the Duke Energy Wabash Station Chimney (Phase 1) Project in Terre Haute,

Indiana (the "Duke Claim"). Through this complaint, Spirtas seeks to enforce its rights under the Policy and recover the damages resulting from USIC's failure to meet its duties under the Policy.

4. Additionally, Spirtas seeks declaratory relief pursuant to 28 U.S.C. § 2201 concerning the obligations owed to it by USIC pursuant to the terms of the Policy in connection with its ongoing defense expenses arising from the Duke Claim.

5. Finally, Spirtas seeks to recover damages arising from USIC's vexatious refusal to provide a defense to Spirtas pursuant to V.A.M.S. 375.420.

## The Parties

6. Spirtas is a Missouri corporation and is a citizen of the State of Missouri.

7. USIC is a Delaware surplus lines insurance corporation, and it is a citizen of the State of Delaware.

8. The dispute between Spirtas and USIC arises from an occurrence giving rise to an insurance claim against Spirtas seeking in excess of $75,000, exclusive of interest and costs, for which Spirtas has sought insurance coverage from USIC.

9. This Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties, and the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of $75,000.

10. This venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the underlying claims that are the subject of this litigation occurred within this judicial district.

## The Occurrence

11. Spirtas was engaged to perform demolition services (the "Demolition Services") on behalf of Duke Energy at its Wabash River Station facility in Terre Haute, Indiana ("Wabash

River"). Duke Energy and Spirtas entered into a written contract for the Demolition Services. The Demolition Services addressed in the Contract included the demolition of Duke Energy Wabash River Station Chimney (Phase I).

12. Spirtas entered into a subcontract with Controlled Demolition, Inc. ("CDI") in connection with the detonation of explosives as part of the Demolition Services (the "Subcontract").

13. The Contract includes an indemnification provision (the "Indemnification Provision"). The Indemnification Provision requires Spirtas to "indemnify and defend Duke Energy … from and against all liability, loss, costs, claims, damages, expenses, judgments, and awards, whether or not covered by insurance, arising or claimed to have arisen in whole or in part: (a) from acts or omissions of , or as a result of Work performed or omitted from being performed, or as a result of negligence by Contractor or its subcontractors … which resulted in: … (ii) damage to or destruction of any property, real or personal, including without limitation property of Duke Energy…."

14. On January 27, 2018, CDI, in connection with the Subcontract, caused the implosion of a chimney at Wabash River (the "Chimney"). The demolition of the Chimney caused extensive damage to structures beyond the "fall zone" including the destruction of a relay station and all of the equipment in the relay station (the "Relay Station") and disrupted electrical service to Duke Energy customers in the area of the Wabash River facility.

15. The damage beyond the fall zone at issue in the occurrence underlying the Duke Claim included the destruction of the Relay Station and its equipment as well as the disruption to electrical service is "loss, costs, damages, and expenses" encompassed by the Indemnification Provision.

16. Duke Energy asserted the Duke Claim against Spirtas pursuant to the Contract for Demolition Services at Wabash River. Through the Duke Claim, Duke Energy seeks recovery for property damage to Duke Energy real property that it alleges resulted from the negligence of Spirtas, CDI, or both in the performance of the Demolition Services encompassed by the Contract and the Subcontract.

17. Through the Duke Claim, Duke Energy has alleged that acts or omissions in the performance of the Demolition Services caused or contributed to cause the property damage.

18. Duke Energy has made oral and written demands to Spirtas for payment for the property damage that Duke Energy alleges resulted from negligence in the performance of the Demolition Services at the Wabash River facility including claims for indemnification pursuant to the Contract.

## The Insurance Policy

19. Spirtas an "Insured" under the Policy for the policy period encompassing the occurrence giving rise to the Duke Claim.

20. The Insuring Agreement in the Policy provides that USIC "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance replies. We [USIC] will have the right and duty to defend the insured against any 'suit' seeking those damages…."

21. "Insured Contract," as defined by an amendatory endorsement to the Policy, means "(f) [t]hat part of any contract or agreement pertaining to your business … under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused in

whole or in part, by you or those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of contract or agreement."

22.     "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

23.     "Property Damage" is defined in the Policy as "Physical injury to tangible property, including all resulting loss of use of that property…."

24.     The damage to real property of which Duke complained in the Duke Claim, including the destruction of the relay station and equipment, is "Property Damage" as defined in the Policy.

25.     The Duke Claim is an occurrence under the Policy.

26.     The Indemnification Agreement is an Insured Contract under the Policy.

27.     Duke Energy notified Spirtas that it would be willing to accept less than the full amount of damages Spirtas was obligated to indemnify it for that were sustained by Duke Energy in the January 27, 2018 occurrence if Spirtas would settle with it no later than June 2019. The damages at issue in the Duke Claim included the destruction of the Relay Station, the equipment associated with the Relay Station, the power disruption and other damage caused in the January 27, 2018. However, to obtain this reduction, Spirtas was required to pay the Duke Claim, no later than June 2019.

## Count I – Breach of Contract

28.     Spirtas repeats and realleges the allegations of paragraphs 1 through 27 as the allegations of this paragraph 28.

29. The Duke Claim asserts a cause of action for property damage arising in whole or in part from the negligence of Spirtas, CDI, or both of them in the performance of Demolition Services pursuant to the Contract and Subcontract.

30. Spirtas tendered the Duke Claim to USIC through USIC's agent, National Claim Services ("NCS"), shortly after Spirtas received notice of the Duke Claim.

31. NCS undertook an investigation of the damages at issue in the Duke Claim.

32. Spirtas cooperated with NCS in NCS' investigation of the claim.

33. Spirtas fully performed its obligations under the Policy.

34. However, rather than accepting the Duke Claim, USIC sought to shift responsibility for the Duke Claim to CDI's insurance carrier.

35. In communications between NCS and York Risk Service Group ("York"), the adjusting service for Starr Insurance, CDI's insurer, NCS and York each purported to shift full responsibility for the Duke Claim on the other insurer's insured.

36. However, the investigations following the occurrence at issue reflected that both Spirtas and CDI were each at least potentially responsible for the property damage at issue in the Duke Claim.

37. Spirtas advised USIC, through NCS, of the settlement proposal offered by Duke Energy in connection with the Duke Claim including the time-sensitivity of the settlement proposal.

38. The terms proposed by Duke Energy were within the limits of the Policy, and there was a reasonable likelihood that Spirtas' exposure, in the event that the claim was not settled, would exceed the Policy's limits.

39. However, more than a year passed from Spirtas' tender of the Duke Claim to USIC without the carrier taking a coverage position. With the deadline set by Duke Energy for settlement drawing near, Spirtas reached out to USIC and demanded that it accept and fund the settlement of the Duke Claim proposed by Duke Energy.

40. Spirtas, through its coverage counsel made multiple demands to NCS's counsel that USIC accept Spirtas' tender of the Duke Claim and that it settle the Duke Claim pursuant to the terms proposed by Duke Energy.

41. On April 25, 2019, USIC, through its agent, NCS' counsel, accepted Spirtas' tender, without reservation. It advised that "USIC has accepted the claim made by Duke Energy against Spirtas in connection with the chimney implosion at the Wabash River Project on January 27, 2018." It also advised that it would "contact Duke immediately and work with Duke to resolve the claim."

42. Despite those representations, USIC failed to undertake the actions that I represented would be taken by it. USIC failed to work to resolve the Duke Claim and as a consequence of USIC's failure, has exposed Spirtas to a risk of loss in excess of the limits of the Policy.

43. Additionally, the only outreach by USIC's agent to Duke Energy consisted of requesting materials that had previously been supplied by Duke Energy documenting the damage resulting from the January 27, 2018 occurrence.

44. USIC's failure to make a good faith effort to resolve the Duke Claim has adversely impacted Spirtas' relationship with Duke Energy.

45. USIC's actions in this regard were adverse to the interests of its insured, Spirtas, and contrary to Spirtas demand that the Duke Claim be settled. Further, USIC breached its duty

owed under the Policy to its insured, Spirtas, leaving Spirtas exposed to liability potentially in excess of the limits of coverage under the Policy.

46. USIC's actions breached its obligations to Spirtas arising from the Duke Claim.

47. Spirtas has sustained damages arising from the Duke Claim including but not limited to attorney's fees in responding to the Duke Claim and in enforcing Spirtas' rights under the Policy.

WHEREFORE, Plaintiff, Spirtas, asks for judgment in its favor and against Defendant USIC for the damages that it proves at trial and for such other relief as this Court deems just.

## COUNT II – Declaratory Relief

48. Spirtas repeats and realleges the allegations of paragraphs 1 through 45 as the allegations of this paragraph 48.

49. A justiciable controversy exists between Spirtas and USIC with respect to USIC's obligations to Spirtas under the Policy in connection with the Duke Claim including concerning USIC's duty to defend and indemnify Spirtas in connection with the Duke Claim.

WHEREFORE, Spirtas asks this Court for judgment in its favor and against USIC finding that USIC has an obligation to defend and a duty to indemnify Spirtas for any loss and expenses arising from or incurred in connection with the Duke Claim and for such other relief as this Court deems just.

## COUNT III – Vexatious Refusal To Pay Claim

50. Spirtas repeats and realleges the allegations of paragraphs 1 through 47 as the allegations of this paragraph 50.

51. Although USIC represented that it had "accepted" Spirtas' tender of the Duke Claim without reservation, its real purpose was to take control so that it could cause litigation to be initiated by Duke with respect to the Duke Claim.

52. USIC attempted cause litigation to be initiated involving Spirtas and the Duke Claim to provide USIC with a forum in which to pursue claims against CDI and its insurer. USIC sought to initiate this litigation, despite the fact that its insured opposed the litigation on the basis that it would damage its relationship with Duke Energy and was likely to subject it to exposure in excess of the amount for which Duke Energy advised it was prepared to settle with Spirtas.

53. USIC's actions were adverse to the interests of its insured, Spirtas, and contrary to Spirtas demand that the Duke Claim be settled.

54. USIC's actions breached its obligations to Spirtas arising from the Duke Claim.

55. Spirtas has sustained damages arising from the Duke Claim including but not limited to attorney's fees in responding to the Duke Claim and in the perfection of Spirtas' rights under the Policy.

56. USIC's response to Spirtas' tender in which USIC failed to take a position on coverage for the Duke Claim and, instead, tried to instigate litigation in which its insured, Spirtas, would be a party, was both unreasonable and vexatious.

57. USIC's putative acceptance of the Duke Claim without reservation was nothing more than an attempt to instigate litigation in which Spirtas would be joined as a defendant and to which its insured, Spirtas, would be subjected to risk in excess of the amount for which the Duke Claim could have been settled had USIC acted on Spirtas' tender of the Duke Claim on a timely basis.

58. More than 30 days passed from Spirtas' demand that USIC pay the Duke Claim.

59. NSC failed to keep Spirtas advised as to its communications with Duke Energy concerning the resolution of the Duke Claim.

60. USIC failed to keep Spirtas advised of the status of the communications because it failed to follow through on its promises to Spirtas on which Spirtas had relied in its communications with Duke Energy about the Duke Claim.

61. There was no reasonable cause for USIC to fail to pay the Duke Claim.

62. USIC's actions with respect to the Duke Claim violates V.A.M.S. 375.420 constitute a denial of the claim without reasonable cause or excuse.

WHEREFORE, Spirtas asks that a jury award it damages not in excess of twenty person of the first fifteen hundred dollars of loss established at trial, ten percent of the amount of loss in excess of fifteen hundred dollars established at trial, and award Spirtas the reasonable attorney's fees incurred by it in enforcing its rights under the Policy, as well as such other relief as this Court deems just.

Respectfully submitted,

SPIRTAS COMPANY, d/b/a Spirtas Wrecking Company

By: /s/ David B. Goodman
        Its Attorney

David B. Goodman
Illinois ARDC No. 6201242
Goodman Law Group | Chicago
20 North Clark Street
Suite 3300
Chicago, Illinois 60602
(312) 626-1888
dg@glgchicago.com